## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                          No. CIV 12-0938 JB/KBM
                                                                             No. CR 11-2660 JB

DAVID EMANUEL HENRY,

     Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court under rules 4(b) and 11(a) of the Rules Governing

Section 2255 Cases, on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody, filed September 5, 2012 (CIV Doc. 1; CR Doc.

42)("§ 2255 Motion").  The Court will dismiss the motion.

In a Plea Agreement, filed April 26, 2012 (CR Doc. 34), Defendant David Emanuel Henry

pled guilty to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §§

922(g)(1), 924(a)(2).  The Court imposed a sentence of 188 months.  Henry's central argument is

that he was entitled to, but did not receive, a 3-level reduction to his offense level in the calculation

of his sentence.  He asserts four "Grounds" for relief: (i) his attorney failed to request the reduction

during sentencing proceedings; (ii) Plaintiff United States of America violated the Plea Agreement

by failing to impose a sentence at the low end of the applicable sentencing range; (iii) the Court gave

insufficient consideration to Henry's background; and (iv) he did not understand the sentencing

proceedings.  For relief, Henry asks the Court to reduce his offense level by three levels and

resentence him.

Contrary to Henry's assertion, his sentence calculation included the 3-level reduction that

he requests in his motion.  The United States Probation Office's calculation of Henry's total offense level -- 31 -- in its Presentence Investigation Report ("PSR") included a 3-level reduction for acceptance of responsibility.[1]  The Sentencing Minute Sheet, filed July 25, 2012 (CR Doc. 38) indicate that the Court adopted the PSR "as Its Own" and discussed the agreed reduction.  In short, the Court awarded Henry the 3-level reduction that he now requests in his § 2255 Motion.  And because he received the reduction, no relief is available on his allegation that his attorney failed to argue for a 3-level reduction.  Cf. United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)("If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'")(quoting United States v. Dixon, 1 F.3d 1080, 1084 n. 5 (10th Cir. 1993)).

The Court also finds no merit in Henry's second and third Grounds.  He asserts that the United States violated the plea agreement by failing to consider a sentence at the low end of the applicable sentencing range.  In the PSR and the Statement of Reasons attached to the Judgment, however, the sentencing range applicable to Henry's offense was 188-235 months, and the Court imposed the lowest Guidelines sentence of 188 months.  Furthermore, the PSR discussed Henry's background at length, and the Court adopted the report in full.  These claims do not warrant modification of Henry's sentence.

Nor is relief available on Henry's fourth Ground.  He alleges that no one explained to him that the Court would be imposing an armed career criminal enhancement under 18 U.S.C. § 924(e). Also, he alleges that he did not understand the proceedings, because he was on medications.  First,

---

[1] Pursuant to Judicial Conference Policy on Privacy and Public Access to Electronic Case Files (rev'd March 2008), http://www.uscourts.gov/RulesAndPolicies/JudiciaryPrivacyPolicy/March2008RevisedPolicy.aspx, the Court's public record does not include the PSR or the Statement of Reasons attached to the Judgment.

he signed the Plea Agreement that specified the charges against him, including the possible § 924(e) enhancement, and he affirmed that he understood the charges at the plea hearing.  See Plea Minute Sheet, filed April 26, 2012 (CR Doc. 35)(noting that the "Court finds Deft fully understands charge(s), terms of plea, and the consequences of entry into plea").  Second, the alleged influence of medications does not support a finding of incompetence or other extraordinary circumstances that would warrant relief from the sentence.  The record contains no suggestion of "'reasonable cause to believe that the defendant [was] suffering from a mental disease or defect rendering him mentally incompetent.'"  United States v. Boigegrain, 155 F.3d 1181, 1184 n. 1 (10th Cir. 1998)(quoting 18 U.S.C. § 4241(a)).  Cf. United States v. Ramirez, 304 F.3d 1033, 1034 (10th Cir. 2002)(noting evidence of mental issues before sentencing).  Because none of Henry's allegations entitles him to relief under § 2255, see § 2255 R. 4(b), the Court will dismiss his motion.

Under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Henry has failed to make a substantial showing that he has been denied a constitutional right.  The Court will therefore deny a certificate of appealability.

Finally, even if there were grounds to modify the sentence, the Court could not.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  United States v. Christy, No. CR 10-1534 JB, 2012 WL 4948014, at *3 (D.N.M. Sept. 30, 2012)(Browning, J.)(quoting United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997)).  The United States Court of Appeals for the Tenth Circuit has held:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's

own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996)(footnote and internal citations omitted).[2]  There has not been a motion by the Director of the United States Bureau of Prisons. Henry has made no argument that the Court made an "arithmetical, technical, or other clear error" in calculating his sentence.  Fed. R. Crim. P. 35(a).   Nor does he contend that he provided substantial assistance to the United States, entitling him to relief under rule 35(b) of the Federal Rules of Criminal Procedure.  Thus, the Court cannot reduce his sentence under rule 35.  Lastly, Henry is not alleging that there was a clerical error in his sentencing process.  Rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  The Court, therefore, does not have the authority to reduce Henry's sentence.

**IT IS ORDERED** that the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence for a Person in Federal Custody, filed September 5, 2012 (CIV Doc. 1; CR Doc. 42), is denied; a certificate of appealability is denied; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

David Emanuel Henry
Torrence County Detention Center
Estancia, New Mexico

     *Plaintiff pro se*

---

[2]Congress has twice amended 18 U.S.C. § 3582, in 1996 and in 2004, since the Tenth Circuit's decision in United States v. Blackwell.  Neither of these amendments, however, substantively affects the Tenth Circuit's analysis.