IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                         No. CV 16-0370 JB/LAM
                                              CR 11-2660 JB

DAVID EMANUEL HENRY,

    Defendant/Movant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") amended § 2255 motion to correct his sentence, [*Doc. 9*],[2] filed on June 24, 2016. Plaintiff/Respondent (hereinafter "the Government") filed a response on August 4, 2016 [*Doc. 11*], and Defendant filed a reply on August 5, 2016 [*Doc. 12*]. Pursuant to the Court's order [*Doc. 15*], the Government filed a supplemental brief on November 25, 2016 [*Doc. 18*], and Defendant filed a response to the Government's supplemental brief on December 16, 2016 [*Doc. 21*]. In addition, on January 19, 2017, the Government filed a notice of supplemental

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0370 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-11-2660 cited in this decision will be designated as "*Cr.Doc.*"

authority [*Doc. 22*], and, on January 20, 2017, Defendant filed a response to the Government's notice of supplemental authority [*Doc. 23*]. United States District Judge James O. Browning referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 8*]. Having considered the parties' briefing, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-11-2660, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's amended § 2255 motion [*Doc. 9*] be **DENIED** and that this case be **DISMISSED with prejudice**.

### Factual and Procedural Background

On October 13, 2011, Defendant was indicted on the charge of Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*Cr.Doc. 13*]. On June 14, 2012, the United States Probation Office ("USPO") issued a Presentence Report ("PSR"), which set Defendant's base offense level at 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) based on Defendant's prior felony conviction of Aggravated Battery Against a Household Member (Great Bodily Harm). *See* [*Doc. 14-1* at 2 and 6]. The USPO increased this offense level to 24 pursuant to U.S.S.G. § 2K2.1(b)(6) because Defendant used or possessed a firearm in connection with the offense of Aggravated Assault with a Deadly Weapon. *Id.* at 6. The USPO further found that Defendant was subject to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), based on Defendant's prior convictions for: (1) Robbery Second Degree (Felony) in the United States District Court in St. Thomas, Virgin Islands; (2) Trafficking (By Possession with Intent to Distribute); and (3) Aggravated Battery Against a Household Member (Great Bodily Harm Third Degree Felony). *Id.* at 7. Pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the USPO increased Defendant's offense level to 34 because Defendant used or possessed a firearm in connection with

a "crime of violence" as defined in § 4B1.2(a) or (b). *Id.* After adjusting for Defendant's demonstration of acceptance of responsibility, the USPO found that his total offense level was 31. *Id.* In addition, the USPO found that Defendant's initial criminal history category was III; however, because Defendant used or possessed a firearm or ammunition in connection with a "crime of violence," pursuant to U.S.S.G. § 4B1.4(c)(2), Defendant's criminal history category was increased to VI. *Id.* at 14. The USPO, therefore, stated that Defendant was subject to a sentence of 15 years to life pursuant to 18 U.S.C. § 924(e), and that, based on the total offense level of 31 and a criminal history category of VI, the Sentencing Guideline range is 188 to 235 months. *Id.* at 27.

On April 26, 2012, Defendant entered into a plea agreement in which he pled guilty to the charge in the indictment. [*Cr.Doc. 34*]. On July 25, 2012, the Court accepted the plea agreement, adopted the factual findings and sentencing guideline applications in the PSR, and sentenced Defendant to 188 months of imprisonment, and to a term of supervised release for three (3) years. *See* [*Cr.Doc. 49* at 6-8] and [*Cr.Doc. 39* at 2-3].

In his § 2255 motion, Defendant contends that his sentence is unconstitutional pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"). [*Doc. 9* at 1]. Specifically, Defendant contends that his second-degree robbery conviction, as defined by Virgin Islands law, can no longer be used as a prior conviction under the ACCA because it does not qualify under the residual clause, which was found to be unconstitutionally vague in *Johnson*, it is not an enumerated offense, and it does not qualify under the force clause. *Id.* at 6-10. In the alternative, if the Court finds that Defendant is still an armed career criminal under the ACCA, then Defendant contends that he is still entitled to relief with regard to his advisory sentence under the armed career criminal Sentencing Guideline, U.S.S.G.

3

§ 4B1.4. *Id.* at 10. Defendant contends that both his criminal history category and his total offense level were increased under the Sentencing Guidelines based on the Court's finding that Defendant possessed the firearm in connection with the offense of aggravated assault, but that aggravated assault no longer qualifies as a "crime of violence" under the residual clause of § 4B1.2(a)(2) based on the holdings in *Johnson 2015* and *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015). *Id.* at 11. Defendant further contends that the offense of aggravated assault does not qualify under the enumerated offenses clause of U.S.S.G. § 4B1.2 (*id.* at 11-13), and also does not qualify under the force clause of that statute (*id.* at 13-14). Defendant, therefore, asks the Court to vacate his sentence and resentence him. *Id.* at 14.

In its original response, the Government conceded that Defendant's Virgin Islands conviction for second-degree robbery under 14 V.I.C. § 1863 does not require the requisite use of force under the holding of *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"). [*Doc. 11* at 1]. Therefore, the Government stated that, "when the robbery conviction is removed as a predicate offense under the [ACCA], Defendant[] no longer has three qualifying convictions to support the mandatory minimum sentence he received under 18 U.S.C. § 924(e), and he is entitled to a new sentencing." *Id.* at 2. The Government did not address Defendant's argument that his advisory Sentencing Guidelines range is also incorrect.

In reply, based on the Government's concession, Defendant asked the Court to grant his § 2255 motion, vacate his sentence, and schedule a new sentencing hearing as soon as possible. [*Doc. 12* at 1]. Defendant contended that, "[w]ithout the [ACCA] mandatory minimum and without the application of the armed career criminal Guideline, according to the PSR, [Defendant] would have an adjusted offense level of 21 and a criminal history [category] of III," which would "yield an advisory Guidelines range of 46-67 months." *Id.* at 1-2. Defendant contended that he

has already served 58 months without considering the benefit of good-time credit. *Id.* at 2. Therefore, Defendant asked the Court to "resentence him as soon as possible based on the existing PSR, absent the portions based on the ACCA and corresponding Guideline." *Id.*

On August 31, 2016, the USPO filed a Memorandum regarding ACCA retroactivity in Defendant's case. [*Doc. 14*]. In this memorandum, the USPO states that Defendant's predicate convictions for aggravated battery and second-degree robbery still fall under the ACCA without the use of the residual clause because they meet the definition of violent felony under the ACCA's force clause. *Id.* Combined with Defendant's predicate conviction for trafficking, the USPO states that Defendant is an armed career criminal under the ACCA and is not eligible for any reduction in his sentence. *Id.* The USPO does not address Defendant's contentions regarding his advisory Sentencing Guidelines range.

Based on the USPO's memorandum, the Court ordered the parties to provide additional information. *See* [*Doc. 15*]. Specifically, the Court ordered the Government to file a supplemental brief stating: (1) whether or not the USPO's memorandum affects its position regarding Defendant's Virgin Islands second-degree robbery conviction, and to explain why or why not; and (2) whether or not Defendant's criminal history category and his total offense level were properly increased under the Sentencing Guidelines based on the Court's finding that Defendant possessed the firearm in connection with the offense of aggravated assault, including whether or not aggravated assault qualifies as a "crime of violence" under § 4B1.2. *See id.* at 5-6.[3] The Court also allowed Defendant to file a response to the Government's supplemental

---

[3] The Court notes that it also ordered the USPO to submit a supplemental brief on these same two issues (*see id.*), but the USPO failed to do so. Nevertheless, since the Court finds *infra* that Defendant's conviction for second-degree robbery constitutes a violent felony conviction under the ACCA, the Court finds that supplemental briefing from the USPO is no longer necessary.

5

brief, and instructed Defendant not to raise any new claims that were not raised in his amended § 2255 motion [*Doc. 9*]. *See id.* at 7.

In its supplemental brief, the Government states that it "has come to the conclusion that it can no longer support its earlier concession" that Defendant's second-degree robbery conviction is not a predicate violent felony under the ACCA. [*Doc. 18* at 1]. The Government contends that cases interpreting the statute under which Defendant was convicted provide that the level of force required for the conviction meets the standard of "violent force" set forth in *Johnson 2010*. *See id.* at 2-5. The Government further contends that there is an absence of case law showing "that the Virgin Islands would apply its robbery statute to situations involving less than the use or threat of violent force," and explains that "[t]he lack of controlling case law on point distinguishes this case from others, such as *United States v. Philip Garcia*, D. NM 16-CV-0240 JB/LAM and 07-CR-0788 JB, in which the United States conceded that the [New Mexico] state robbery statute at issue was not a 'violent felony' under the ACCA." *Id.* at 5 and n.2. In addition, the Government contends that Defendant's criminal history category and total offense level were properly enhanced under the Sentencing Guidelines. *See id.* at 5-7. The Government contends that the holding of *Johnson 2015* does not apply retroactively to permit a defendant to challenge a sentence based on a Guideline range, and notes that this issue is before the United States Supreme Court in *Beckles v. United States*, S.Ct. No. 15-8544, and the Government asks the Court to stay this matter pending a ruling in *Beckles*. *See id.* at 6. In the alternative, if the Court reaches the merits of Defendant's Sentencing Guidelines claim, the Government contends that the charge of aggravated assault with a deadly weapon is categorically a crime of violence under the force prong of § 4B1.2(a)(1). *See id.* at 6-7.

In response to the Government's supplemental brief, Defendant contends that his second-degree robbery conviction under Virgin Islands law does not qualify as a violent felony under the ACCA. *See* [*Doc. 21* at 1]. Defendant relies on treatises and case law regarding common law robbery for his contention that Virgin Islands robbery does not rise to the level of force required by *Johnson 2010*. *See id.* at 2-8. With regard to his Sentencing Guideline range claim, Defendant states that he does not object to the Government's request for a stay of this matter pending a decision in *Beckles*, and further states that he concedes that the Tenth Circuit's holding in *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016) "requires this Court to hold that aggravated assault with a deadly weapon is a 'crime of violence.'" *Id.* at 9.

In its notice of supplemental authority, the Government provides notice that, in January 2017, the Tenth Circuit held that Colorado's robbery statute constitutes a crime of violence under the ACCA. [*Doc. 22* at 1] (citing *United States v. Harris*, 844 F.3d 1260, 1269 (10th Cir. 2017)). The Government contends that "[g]iven the common-law provenance of the Virgin Islands robbery statute, as well as its textual similarities to the Colorado and Michigan statutes discussed in *Harris*, this Court should follow *Harris* and conclude that Virgin Islands robbery requires *Johnson [2010]*-level force." *Id.* at 2. In response, Defendant contends that *Harris* does not support the Government's position because the Tenth Circuit relied on precedent from Colorado's Supreme Court finding that robbery in Colorado requires a violent taking, and Defendant contends that there is no Virgin Islands' precedent interpreting the Virgin Islands' robbery statute as requiring a violent taking. [*Doc. 23* at 1-2].

## **Discussion**

Under the ACCA, an individual who violates § 922 (g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions . . . for a violent felony or a

serious drug offense," will receive a mandatory, minimum 15-year sentence. 18 U.S.C. § 924(e). The statute defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized clause is referred to as the "residual clause," and in *Johnson 2015* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution. 135 S.Ct. 2551, 2557 (2015).

Now that the residual clause has been found to be unconstitutional, the Court must determine whether Defendant's prior conviction for second-degree robbery under Virgin Islands law satisfies the definition of "violent felony" under the remaining clauses of the ACCA. Since this conviction is not an enumerated offense under § 924(e)(2)(B)(ii), the Court must consider whether it falls under the "force" clause under § 924(e)(2)(B)(i). In *Johnson 2010*, the Supreme Court held that the term "physical force" in § 924(e)(2)(B)(i) must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original) (finding that Florida's battery statute, which only required intentional physical contact, no matter how slight, did not constitute "physical force" under § 924(e)(2)(B)(i)). Therefore, in evaluating whether Defendant's prior conviction for second-degree robbery constitutes a violent felony under the force clause of the

ACCA, the Court must determine whether the statute prohibits conduct that "has as an element the use, attempted use, or threatened use of" violent force against the person of another, as that force is defined in *Johnson 2010*.

Defendant was convicted of second-degree robbery, contrary to 14 V.I.C. § 1863. *See* [*Doc. 14* at 1]. The Virgin Islands' second-degree robbery statute states:

> A person is guilty of robbery in the second degree when he forcibly steals property and when:
>
> (1) He is aided by another person actually present; or
>
> (2) In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime causes physical injury to any person who is not a participant in the crime.

14 V.I.C. § 1863. The Virgin Islands define robbery as "the unlawful taking of personal property in the possession of another, from his person or immediate presence and against his will, by means of force or fear." 14 V.I.C. § 1861.

In *Harris*, the Tenth Circuit found that Colorado's robbery statute matches the level of force required by *Johnson 2010* because the Colorado Supreme Court has held that "force or fear is the main element of the offense of robbery," and that "the offense of robbery, whether committed by actual force, or by constructive force, i.e., threats or intimidation, is a crime involving the use of force or violence." *Harris*, 844 F.3d at 1269 (citations, internal quotation marks, and brackets omitted). Relying on *Harris*, a District Judge in this Court found that New Mexico's robbery statute also requires sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA. *See United States v. Garcia*, No. 16-CIV-240 JB/LAM (*Doc. 37* at 55-57). The Court in *Garcia* stated that it "does not think the Supreme Court of New Mexico disagrees that the force requisite to suffice robbery in New Mexico entails physical, violent force or threat of such force." *Id.* at 56. The Court in *Garcia* relied on the New Mexico Supreme Court case of *State v. Bernal*,

9

which construed the difference between larceny and robbery in New Mexico, and found that, because "robbery generally carries a heavier punishment than larceny, the robbery statute clearly is designed to protect citizens from violence." *Id.* (quoting *Bernal*, 2006-NMSC-050, ¶ 28, 140 N.M. 644, 146 P.3d 289). Therefore, the Court stated that it "can see no sound reason to depart from the Tenth Circuit's analysis and conclusions in *United States v. Harris*." *Id.* at 57.

Based on the foregoing, it appears that the Virgin Islands' second-degree robbery statute requires sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA. The Virgin Islands and Colorado define robbery similarly as the taking of property from the person or presence of another by the use of force, or by the use of fear (Virgin Islands) or threats or intimidation (Colorado). *Compare* 14 V.I.C. § 1861 *with* Colo. Rev. Stat. § 18-4-301(1).[4] In addition, the Virgin Islands' second-degree robbery statute, under which Defendant was convicted, requires that the taking of the property is done "forcibly." 14 V.I.C. § 1863. In *Harris*, the Tenth Circuit explained that Colorado cases applying Colorado's robbery statute have relied on the "violent nature of the taking" at common law. *Harris*, 844 F.3d at 1267 (citation and internal quotation marks omitted). The Tenth Circuit reasoned that "[b]ecause Colorado remains committed to the common law definition of robbery, [the Tenth Circuit] do[es] not find persuasive other recent circuit-level decisions concluding that robbery is not a violent felony." *Id.* Instead, the Tenth Circuit compared Colorado's robbery statute to Michigan's common-law robbery statute[5] that the Eighth Circuit also found to be a violent felony under the ACCA. *See id.* at 1268 (citing *United States v. Lamb*, 638 F.App'x 575, 576 (8th Cir. April 5, 2016) (unpublished), *vacated on other grounds*, --- U.S. ---, 137 S.Ct. 494 (2016)). Here, the Virgin Islands' robbery

---

[4] Colo. Rev. Stat. § 18-4-301(1) states: "A person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery."

[5] Mich. Comp. Laws Ann § 750.530 defines robbery as: "A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear."

statute also tracks the common law. *See Government of the Virgin Islands v. Carmona*, 422 F.2d 95, 98 (3rd. Cir. 1970); *see also* [*Doc. 18* at 3] and [*Doc. 21* at 2]. In addition, a federal district court interpreting the Virgin Islands' robbery statute has explained that "[m]ost states and courts view [common law] robbery as involving immediate danger to the victim," and that "[t]he immediate danger element is what makes robbery deserving of greater punishment than that provided for larceny and extortion." *United States v. Edwards*, 2012 WL 1556690, *22 (D. V.I. May 2, 2012) (unpublished) (citation, internal quotation marks, and brackets omitted) (reversed in part on other grounds). The Court in *Edwards* further reasoned that "[m]ost states, as [does] the Virgin Islands, incorporate the immediate danger element by requiring that the property be taken from a person or a person's presence by means of force or putting in fear." *Id.* Defendant contends that the Court need not follow the holding in *Harris* because, unlike the Colorado Supreme Court decision relied on in *Harris*, the Virgin Islands' courts have not issued an opinion emphasizing the violent nature of taking required to commit robbery under Virgin Islands' law. *See* [*Doc. 23* at 1-2]. However, the Virgin Islands' courts have not departed from the common law in interpreting their robbery statutes, which is in line with the Tenth Circuit's reasoning in *Harris* that Colorado Supreme Court's decision was "*consistent with the common law*, which comports with the definition of physical force provided by the Supreme Court in *Johnson [2010]*." 844 F.3d at 1270 (emphasis added). In addition, the Court finds that this case is similar to the Courts' decision in *Garcia*, in that it does not appear that the Virgin Islands' courts "disagree[] that the force requisite to suffice robbery . . . entails physical, violent force or threat of such force" (*Garcia*, No. 16-CIV-240 JB/LAM (*Doc. 37* at 56), and the Court "can see no sound reason to depart from the Tenth Circuit's analysis and conclusions in [*Harris*]" (*id.* at 57).

For the reasons stated above, the Court finds that Defendant's conviction for second-degree robbery under 14 V.I.C. § 1863 constitutes a violent crime under the force clause of the ACCA. In addition, the Court finds that Defendant's claim that he was improperly sentenced under the Sentencing Guidelines is without merit because the United States Supreme Court in *Beckles v. United States*, 137 S.Ct. 886, 897 (2017) recently held that the Sentencing Guidelines are not subject to a void-for-vagueness challenge. The Court, therefore, finds that Defendant is not entitled to relief, and recommends dismissing his § 2255 motion.

## Conclusion

**IT IS THEREFORE RECOMMENDED**, for the reasons stated above, that Defendant's amended § 2255 motion [*Doc. 9*] be **DENIED** and that this case be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**